**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL JAY PHARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:08cv0053 TCM |
| | ) | |
| **UNKNOWN O'NEAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on the unopposed motion of the remaining Defendant,[2] Debra O'Neail,[3] to dismiss for failure to exhaust administrative remedies. The motion will be granted.

In January 2008, Plaintiff, Michael Jay Pharris, filed his complaint against Debra O'Neail, a licensed practical nurse assigned by her employer, Correctional Medical Services ("CMS"), to the Farmington Correctional Center, where, at all relevant times, Plaintiff resided. He alleged that he suffers from chronic, severe seizures and O'Neail refused to investigate his history after he had a seizure. (Compl. at 5.) After he asked for help, filed

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Unknown Sloan, Unknown Rayford, and Steve Long were also named as defendants. Sloan and Long were dismissed without prejudice in February 2008 by the Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri. Unknown Rayford was dismissed without prejudice by Judge Shaw in July.

[3]Although Plaintiff spells the name "O'Neal," Defendant spells her name "O'Neail" in her pleadings. The Court will use Defendant's spelling of her name.

a grievance, and complained to a protection advocacy group, O'Neail had the custody staff harass him. (Id.)

O'Neail moves to dismiss, arguing that Plaintiff has failed to file a medical grievance appeal against her or involving seizures. In support of this motion, she attaches a declaration by the CMS administrative assistant, Shelley Frye, who logs in and maintains the medical grievance appeals. (Decl. ¶¶ 3-5.) Ms. Frye avers that a search of the medical grievance appeal files has failed to reveal a grievance appeal by Plaintiff, including any naming O'Neail or the other named CMS defendant, Unknown Rayford. (Id. ¶¶ 7-8.) Plaintiff does not refute these statements, nor has he otherwise demonstrated that he has exhausted available administrative remedies as to his claims against O'Neail.

Title 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "There is no question that exhaustion is mandatory under [§ 1997e(a)] and that unexhausted claims cannot be brought in court." **Jones v. Bock**, 549 U.S. 199, 211 (2007). The benefits of this requirement "include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." **Id.** at 219. The naming in a grievance of

each individual later sued is not necessarily mandated under this requirement; the question is whether exhaustion is adequate.  **Id.**

Plaintiff's failure to file a grievance appeal naming a CMS person denied CMS the opportunity of addressing his complaints.  See **Woodford v. Ngo**, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with agency's deadlines and other critical procedural rules . . . .").  Because it is undisputed that Plaintiff has not exhausted his available administrative remedies, this action must be dismissed under 42 U.S.C. § 1997e(a) without prejudice.

The Court notes that O'Neail has also moved for summary judgment on the merits of Plaintiff's case.  This Court will not, however, rule on the merits without first requiring Plaintiff to exhaust his available administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that defendant O'Neail's motion to dismiss for failure to exhaust administrative remedies is **GRANTED**.  [Doc. 10]

**IT IS FURTHER ORDERED** that defendant O'Neail's motion for summary judgment is **DENIED** as moot.  [Doc. 25]

An Order of Dismissal shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of December, 2008.